1  Megan A. Richmond (SBN 170753)
   MEGAN A. RICHMOND, APC
2  9255 Towne Centre Drive, Suite 500
3  San Diego, California 92121
   Telephone: (858) 622-7878
4  Facsimile:  (858) 622-0411
   megan@therichmondfirm.com
5

6  Gregory M. Garrison (SBN 165215)
   GREGORY M. GARRISON, APC
7  9255 Towne Centre Drive, Suite 500
   San Diego, California 92121
8  Telephone: (858) 622-7878
   Facsimile:  (858) 622-0411
9  greg@garrisonapc.com

10
   Alexander E. Papaefthimiou (SBN 236930)
11 LAW OFFICE OF ALEXANDER E. PAPAEFTHIMIOU
   215 E. Daily Drive, Suite 28
12 Camarillo, California 93010
   Telephone: (805) 366-3909
13 Facsimile:  (805) 585-5410
14 alex@aplitigation.com

15 *Class Counsel*

16              UNITED STATES DISTRICT COURT

17         CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

18
   | DAVID DENKIN, individually and on behalf of all others similarly situated, | CASE NO. **5:16-cv-00044-JGB-KK** |
   |---|---|
   | Plaintiffs, | **DECLARATION OF MEGAN A. RICHMOND IN SUPPORT OF <u>UNOPPOSED</u> MOTION TO APPROVE SETTLEMENT AND ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT** |
   | v. | |
   | COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California, and DOES 1–10, inclusive. | Date:       August 14, 2017<br>Time:       9:00 a.m.<br>Courtroom: 1<br>Judge:      Hon. Jesus G. Bernal |
   | Defendants. | |

**DECLARATION OF MEGAN A. RICHMOND**

I, Megan A. Richmond, declare:

1. I am counsel to Plaintiff DAVID DENKIN ("Plaintiff") in the above-captioned action. I have personal knowledge of the matters contained herein and, if called to testify, could and would testify competently and truthfully thereto.

2. Plaintiff respectfully requests the Court to approve the Settlement Agreement attached as **Exhibit A** (the "Agreement" or "Settlement") to the concurrently filed NOTICE OF LODGMENT IN SUPPORT OF UNOPPOSED MOTION TO APPROVE SETTLEMENT AND ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT (the "NOL").

**Opinion of Counsel**

3. In my opinion, the Settlement is fair and reasonable resolution of a *bona fide* dispute. This evaluation is made upon my detailed knowledge of the facts of this case, as well as my experience in class and collective action litigation, which is detailed below.

**Settlement Negotiations**

4. There was certainly no collusion of any sort in connection with the negotiation of the Settlement, and counsel did not do anything to favor the claims of certain class members over the other. The Settlement is the result of a good faith on behalf of Class Counsel and an arms-length negotiation with Defendant.

5. The parties did not substantively discuss settlement until after this matter had been conditionally certified as a collective action and discovery was completed.

6. On April 21, 2017, the parties attended a mediation with the Judicial Arbitration and Mediation Service (JAMS) before the Hon. Peter Lichtman (Ret.). In addition to counsel for both parties and a representative from the County, the mediation was attended by at least fifteen (15) members of the Plaintiff Class. The Defendant's offer to pay $935,000.00 to the Plaintiff Class was presented to, and approved by, the class members who attended the mediation.

7. The class members at the mediation were provided with an approximate allocation of the $935,000.00 settlement fund at the mediation that was very close to the allocation in the Agreement (subsequent to the mediation, two (2) class members disputed the length of their employment at the Rancho Cucamonga office, and we investigated their claims and adjusted the allocation accordingly). The class members at the mediation also approved the payment of $15,000.00 to plaintiff DAVID DENKIN as a service fee.

8. The parties did not discuss the issue of attorney fees or costs until after the amount of payment to members of the Plaintiff Class had been agreed upon. The parties did not agree to an amount of attorney fees and costs at the mediation.

9. At the conclusion of the mediation, counsel for the parties signed a Memorandum of Understanding (the "MOU"), which is attached to the Agreement.

10. On April 27, 2017, the parties filed a Notice of Settlement, which attached a copy of the signed MOU. The parties thereafter negotiated the terms of a long-form settlement agreement. During this time, Defendant attempted to change and renegotiate the parties' settlement on numerous points, which Plaintiff was required to respond to with the threat of a motion to enforce the settlement and/or re-open the case. The parties' post-mediation negotiations are memorialized, in part, by the emails attached as **Exhibit C** to the NOL.

**Service Payment**

11. Plaintiff Denkin has been instrumental in this litigation. He gathered and synthesized numerous documents from both his own records and public sources. He spent numerous hours on the telephone with Class Counsel providing valuable information and discussing the factual and legal basis for the claims of the Plaintiff Class. Plaintiff Denkin was also the "point person" and organizer of the class members, was responsible for obtaining declarations from the seven (7) additional social workers filed in support of his motion for conditional certification, and assisted many of the opt-in plaintiffs with the completion and submission of the opt-

in forms. He organized meetings between Class Counsel and members of the Plaintiff Class on more than one occasion. He also submitted three (3) declarations in this matter, was deposed twice, responded to written discovery, and attended the mediation. The outcome of this matter would not have been as favorable without plaintiff Denkin's efforts.

12. Plaintiff Denkin has, at all times, sought to litigate this matter as a collective action rather than for his own individual gain, and has never sought to favor his own interests over those of the Plaintiff Class. Indeed, there are numerous members of the Plaintiff Class that stand to receive more under the Settlement than plaintiff Denkin – even *with* the $15,000.00 incentive payment taken into account.

13. In my opinion, the amount of the recovery obtained on behalf of the Plaintiff Class is more than sufficient to rebuke any accusation that plaintiff Denkin accepted a suboptimal settlement at the expense of the class members whose interests he was appointed to guard.

14. The foregoing statements are without waiver to the attorney-client privilege or any other applicable protection (including, but not limited to, the work product doctrine), all of which are expressly reserved.

**Attorney Fees and Costs**

15. I am fifth-generation attorney. I obtained my undergraduate degree at University of Southern California and my law degree at the University of San Diego. I graduated from law school in 2 1/2 years. I passed the California bar exam on my first attempt in February of 1994. I have been practicing law for over twenty-three (23) years.

16. My practice has always been trial work. I am a 1998 graduate of Gerry Spence's Trial Lawyers College and acted as local counsel for Mr. Spence in a serious injury accident case in Los Angeles which settled for high seven figures.

DECLARATION OF MEGAN A. RICHMOND     3

17. Beginning in 2001, I began representing plaintiffs in class and collective action cases. I have been certified as class and collective action counsel many times in state and federal courts throughout California. My experience in class and collective actions includes, but is not limited to, the following:

- *Overton v. Walt Disney Co.*, California Superior Court, County of Los Angeles Case No. BC 281489;
- *Ellerd v. County of Los Angeles*, United States District Court, Central District of California of California Case No.: CV05-0121;
- *Ellerd v. County of Los Angeles*, (*Ellerd II*) United States District Court, Central District of California of California Case No.: CV08-04289-CAS-FFM;
- *Rosales v. County of Los Angeles*, United States District Court, Central District of California of California Case No.: CVI 1-09423;
- *Marie J. Ali v. County of Los Angeles*, United States District Court, Central District of California of California Case No.: CV08-07527-CAS-FFMx;
- *Descano v. Evans Tire & Service Centers, Inc.*, California Superior Court, San Diego County, Case No. 37-2011-00094991-CU-BT-CTL;
- *Lance Rodgers v. L&M Tire Company, Inc.*, Case No. 37-2012-00103-CU-BT-CTL;
- *Denkin v. County of San Bernardino*, United States District Court, Central District of California Case No.: 5:16-cv-00044-JGB-KK; and
- *Valeria Bordes v. Inland Empire Health Plan*, United States District Court, Central District of California Case No. 5:16-cv-02661 R (PLAx).

18. I believe, based upon my personal experience and conversations with other attorneys, that the current prevailing hourly rate for trial attorneys with skill, experience and reputation comparable to mine in the Central District of California is at least $600.00 per hour, if not more.

19. I have worked with Gregory Garrison for over twenty (20) years. I have tried several cases with Mr. Garrison as co-counsel. I have also worked on

several single plaintiff and collective action FLSA cases with Mr. Garrison. I believe, based upon my personal experience and conversations with other attorneys, that the prevailing hourly rate for trial attorneys with skill, experience and reputation comparable to Mr. Garrison in the Central District of California is at least $700.00 per hour, if not more.

20. I have worked with Alex Papaefthimiou on a daily basis for almost six (6) years. On our cases, Mr. Papaefthimiou has been primarily responsible for drafting pleadings, law and motion and legal research. I believe, based upon my personal experience and conversations with other attorneys, the prevailing hourly rate for trial attorneys with skill, experience and reputation comparable to Mr. Papaefthimiou in the Central District of California is at least $500.00 per hour, if not more.

21. I accepted this case on a pure contingency basis. I, along with my co-counsel, also funded all of the costs of this litigation.

22. It is Plaintiff's counsel's business practice for all attorneys and staff, including me, record time on a daily basis. The tasks I performed in this matter are accurately set forth in the billing statements (the "Billing Statements") attached as **Exhibit D** to the NOL. My time records are accurately set forth in the Billing Statements under timekeeper "Megan A. Richmond" or "MAR". When I recorded each of my time records, I had knowledge of the amount of total hours I spent to perform the corresponding task(s) and recorded the actual time or less. Some of my time entries have been redacted to preserve the attorney-client privilege and/or work product regarding matters I reviewed or discussed with my clients or co-counsel.

23. I also incurred and paid costs and expenses in connection with this matter. True and correct copies of invoices and records related to the costs and expenses I incurred are attached to the NOL as **Exhibit E**. In addition to the costs and expenses set forth in Exhibit E, I incurred and paid $1,574.15 in deposition fees, $4,200.00 in mediation fees, and $416.52 in copying and postage fees.

24. In this case I employed an experienced legal assistant, Mary Sparks, in an effort to reduce attorney fees. Over the life of this case, I paid Ms. Sparks for 147.5 hours of work at $20.00 per hour, for a total of $2,970.00. The tasks Ms. Sparks preformed included, but were not limited to, communicating with the collective action members, revising declarations, organizing documents, filing and copying. I seek reimbursement for the $2,970.00 I paid to legal assistant Sparks as a prevailing party cost in the Unopposed Motion to Approve Settlement and Attorney Fees.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing it true and correct, and that this Declaration was executed on July 17, 2017 in San Diego, California.

        /s/ Megan A. Richmond
Megan A. Richmond

# CERTIFICATE OF SERVICE

I hereby certify that, on July 17, 2017, I electronically filed the foregoing **DECLARATION OF MEGAN A. RICHMOND IN SUPPORT OF UNOPPOSED MOTION TO APPROVE SETTLEMENT AND ATTORNEY FEES UNDER FAIR LABOR STANDARDS ACT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

Dated: July 17, 2017

/s/ Alexander E. Papaefthimiou
Alexander E. Papaefthimiou (SBN 236930)